UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANTHONY NELMS,

                Plaintiff,              FIRST AMENDED COMPLAINT
                                                     10 CV 1213 (LTS)(JCF)

        -against-

THE CITY OF NEW YORK, DERRICK
BOYD, JAMES DAVIS, and DANIEL
ZOLLO employees of the New York
City Police Department,

                Defendants.            **Jury Trial Demanded**

------------------------------------------------------------x

        ANTHONY NELMS, by his attorney, Matthew Flamm, alleges the following upon information and belief as his First Amended Complaint.

### Nature of the Action

        1.    This civil rights action arises from the individual defendants' March 21, 2009 assault on and arrest of Anthony Nelms on the front steps of plaintiff's home.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.

### Jurisdiction and Venue

        2.    This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

        3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

### Parties

        4.    Plaintiff ANTHONY NELMS is a citizen of the United States of America residing in the State of New York.  At all relevant times, Mr. Nelms lived at 714 Lincoln Place in Brooklyn.

5.  Defendant DANIEL ZOLLO was at all times relevant a duly appointed and acting employee of the New York City Police Department holding the rank of Sergeant and assigned to the 77th Police Precinct. Defendant ZOLLO, at the time of the events complained of, had direct supervisory responsibility over the other two individual defendants.

6.  Defendants JAMES DAVIS and DERRICK BOYD were at all times relevant duly appointed and acting Police Officers employed by the New York City Police Department and assigned to the 77th Police Precinct.

7.  Defendants DAVIS, BOYD and ZOLLO (the "individual defendants") were at all times relevant acting under color of state law.

8.  The individual defendants were at all times relevant agents, servants and employees acting within the scope of their employment by defendant City of New York.

Facts Underlying
Plaintiff's Claims for Relief

9.  On March 21, 2009 at around 7:20 p.m., Anthony Nelms was standing on the front steps of his home at 714 Lincoln Place in Brooklyn. He was coming from having purchased supplies for electrical work he was going to do in his home and was standing and speaking with his brother-in-law.

10. Meanwhile, defendants Boyd, Davis and Zollo were patrolling in a van and driving by plaintiff's home.

11. Defendant Zollo claims that he believed Mr. Nelms and his brother-in-law were throwing dice and gambling. He directed defendants Boyd and Davis to investigate.

12. Defendant Boyd put the van in reverse and then parked.

13. Defendants Boyd and Davis approached Mr. Nelms and demanded that he produce identification. When the two defendants would not explain why

plaintiff was required to produce identification, Mr. Nelms turned to walk up his stairs and enter his home.

14. Defendant Boyd grabbed Mr. Nelm's pant leg as plaintiff began walking up the stairs, effectively pulling plaintiff's legs out from under him; Mr. Nelms fell, struck his head and was knocked unconscious.

15. Mr. Nelms was thereafter taken to the 77th Precinct Stationhouse and, while there, a Police Officer believed to be Davis struck plaintiff in the face several times while plaintiff was handcuffed.

16. Plaintiff was prosecuted under Kings County Criminal Court Docket No. 2009KN022744 on the false charges of obstructing governmental administration, resisting arrest and disorderly conduct. The charges against him were adjourned in contemplation of dismissal at plaintiff's arraignment and were dismissed and sealed in September 2009.

17. None of the individual defendants took any action to prevent, end or truthfully report the incident despite the realistic opportunity to do so. In fact, the defendants, and each of them, acted to coverup the misconduct by, among other things, concocting a tale of dice and gambling and unassisted falling and by filing false charges against Mr. Nelms.

18. Plaintiff suffered physical pain and injuries, including, among other things, injury to his head and headaches on his right side with dizziness on sudden movement, sharp pain running between his shoulders, pain to both of his knees, back pain by plaintiff's shoulder blades and mid-lower back, numbness in his right thumb down to the wrist, cuts and abrasions. Mr. Nelms received medical care at Interfaith Medical Center.

19. In addition to physical injuries and pain, Mr. Nelms suffered emotional trauma, shock, fright and deprivation of his constitutional rights, among other injuries.

20. At all times relevant, and in using force on Mr. Nelms, the individual defendants acted intentionally, willfully, maliciously, and with reckless disregard for and deliberate indifference to plaintiff's rights and well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

21. Plaintiff repeats the allegations of paragraphs 1-20 as though fully stated herein.

22. By the actions described above, the individual defendants deprived Mr. Nelms of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free arrest or search, except on probable cause or pursuant to warrant.

23. As a consequence thereof, Anthony Nelms has been injured.

### SECOND CLAIM FOR RELIEF FOR FALSE ARREST

24. Plaintiff repeats the allegations of paragraphs 1-20 as though fully stated herein.

25. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

26. As a consequence thereof, Anthony Nelms has been injured.

### THIRD CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

27. Plaintiff repeats the allegations of paragraphs 1-20 above as though fully stated herein.

28. By the actions described above, the individual defendants deprived Mr. Nelms of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

29. As a consequence thereof, Anthony Nelms has been injured.

### FOURTH CLAIM FOR RELIEF FOR ASSAULT

30. Plaintiff repeats the allegations of paragraphs 1-20 as though fully stated herein.

31. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

32. As a consequence thereof, Anthony Nelms has been injured.

### FIFTH CLAIM FOR RELIEF FOR BATTERY

33. Plaintiff repeats the allegations of paragraphs 1-20 as though fully stated herein.

34. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

35. As a consequence thereof, Anthony Nelms has been injured.

### SIXTH CLAIM FOR RELIEF FOR IMPROPER SUPERVISION BY DEFENDANT ZOLLO

36. Plaintiff repeats the allegations of paragraphs 1-20 as though fully stated herein.

37. Defendant Zollo held the rank of Sergeant and had direct supervisory responsibility for the conduct of defendants Boyd and Davis.

38. Defendant Zollo participated in the incident and failed to properly supervise his subordinates or to otherwise take action to remedy the wrongs done to Mr. Nelms.

39. As a consequence thereof, Anthony Nelms has been injured.

SEVENTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
TO PREVENT OR END THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

40. Plaintiff repeats the allegations of paragraphs 1-20 as though fully stated herein.

41. The individual defendants, and each of them, failed to intervene to prevent or end the unlawful conduct to which Mr. Nelms was subjected despite having a reasonable opportunity to do so.

42. As a consequence thereof, Anthony Nelms has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) A Declaratory Judgment that plaintiff's right to be free from unlawful arrest and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

(B) Compensatory damages in an amount to be fixed at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be fixed at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorney's fees under 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: June 30, 2010
Brooklyn, New York

_____
Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York  11242
(718) 797-3117